IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

    Petitioner,

vs.                                                                                                                       No. CIV 19-0987 JB/GJF

STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Petitioner's Objections to Proposed Findings [and] Recommended Disposition, filed January 10, 2024 (Doc. 31)("Objections"); and (ii) the Petitioner's Additional Objections to Proposed Findings and Recommended Disposition, filed January 23, 2024 (Doc. 32)("Additional Objections"). On December 21, 2023, the Honorable Gregory J. Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico files the Magistrate Judge Proposed Findings and Recommended Disposition (Doc. 26)("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. See PFRD at 18. On January 10, 2024, Petitioner Alree B. Sweat, III, files his Objections. See Objections at 1. On January 23, 2024, Sweat files additional objections. See Additional Objections at 1. Defendant State of New Mexico does not file a response to Petitioner's Objections or to his Additional Objections. The primary issues are: (i) whether the Court should vacate Sweat's conviction, where Sweat's objects to the PFRD's analysis of his speedy trial claim, see Objections at 8; (ii) whether the Court should vacate Sweat's conviction, where Sweat's objects to the PFRD's analysis of the State's alleged failure to disclose material exculpatory evidence, see Objections at 5; (iii) whether

the Court should vacate Sweat's conviction, where Sweat's objects to the PFRD's analysis of his ineffective-assistance-of-counsel claim, see Objections at 4; and (iv) whether the Court should adopt the PFRD.  Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and has "given fresh consideration to" all parts of Magistrate Judge Fouratt's PFRD to which Sweat properly objects.  See United States v. Raddatz, 447 U.S. 667, 675 (1980) ("Raddatz").  After conducting this de novo review, the Court concludes it: (i) does not vacate Sweat's conviction, where Sweat's objects to the PFRD's analysis of his speedy trial claim, because Sweat does not show cause why he fails to raise his speedy trial claim in the State court or that a fundamental miscarriage of justice will occur should the Court not consider his claim; (ii) does not vacate Sweat's conviction, where Sweat's objects to the PFRD's analysis of the State's alleged failure to disclose material exculpatory evidence, because Sweat does not demonstrate an unreasonable application of law or finding of act; (iii) does not vacate Sweat's conviction, where Sweat's objects to the PFRD's analysis of his ineffective-assistance-of-counsel claim, because Sweat does not provide factual support for his claims with clear and convincing evidence; and (iv) adopts the PFRD's conclusions and denies Sweat's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed October 21, 2019 (Doc. 1)("Petition"), because the Court sees no sound reason either in law or fact to depart from Magistrate Judge Fouratt's recommended disposition.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of

confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). The United States Court of Appeals for the Tenth Circuit notes: "[T]he filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 949 (6th Cir. 1981)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and

---

[1] Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007) (unpublished).²

---

² Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  In One Parcel, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit holds that it deems the issues waived on appeal, because such actions advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." Raddatz, 447 U.S. at 674.  The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court may rely on the Magistrate Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a

---

Court in its disposition of this Memorandum Opinion and Order.

magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., Okla., but not in 28 U.S.C § 636(b)(1)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviews the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducts such a review. 2012 WL 6846401, at *3. The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

---

[3] The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation is "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## **ANALYSIS**

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court conducts a de novo review of the record and all parts of the Magistrate Judge Fouratt's PFRD to which Sweat properly objects. After conducting this de novo review, and having thoroughly considered the PFRD, the Sweat's Objections, and Sweat's Additional Objections, the Court sees no sound reason

---

that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Concluding that a Magistrate Judge's recommendation is contrary to law requires the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

either in law or in fact to depart from Magistrate Judge Fouratt's recommended disposition. First, the PFRD discusses why the Petition's speedy trial argument is in procedural default. See PFRD at 11. Neither the Objections nor the Additional Objections show: (i) cause why Sweat fails to raise his speedy trial argument in the State court or actual prejudice from the alleged violation; or that (ii) a fundamental miscarriage of justice will occur if the claim is not considered. Second, regarding Sweat's Brady violation argument, the PFRD notes the Petition does not show how the State court's determination is contrary to federal law. See PFRD at 14. The Objections and Additional Objection suffer from the same defect, as both documents argue a Brady violation without demonstrating an unreasonable application of law or finding of fact. Finally, the PFRD notes that Sweat does not support his factual ineffective-assistance-of-counsel arguments with clear and convincing evidence, necessary to rebut the New Mexico Court of Appeals' factual determinations on the ineffective-assistance-of-counsel arguments, see PFD at 17 (citing 28 U.S.C. § 2254(e)(1)), and he does not show an unreasonable application of federal law, see PFRD at17. The Objections and Additional Objections raise many ineffective-assistance-of-counsel arguments, none of which explain how the State court's determinations are an unreasonable application of federal law.

      The Court must now determine whether to dismiss, stay, withdraw the unexhausted requirements, or deny the Sweat's petition. Ordinarily, when a habeas petition includes unexhausted claims mixed with exhausted claims the reviewing court has the option to: (i) dismiss the petition in its entirety; (ii) stay the petition while the petitioner returns to state court; (iii) allow the petitioner to withdraw the unexhausted claims; or (iv) disregard the exhaustion requirement and deny the petition on the merits. See Fairchild v. Workman, 579 F.3d 1134, 1156 (10th Cir. 2009)(citing Harris v. Lafler, 553 F.3d 1028, 1031 (6th Cir.2009)). Dismissal or abeyance is

typically appropriate when: (i) there is good cause for failing to exhaust a claim, (ii) the unexhausted claim is potentially meritorious, and (iii) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  See Fairchild v. Workman, 579 F.3d at 1152-53 (citing Rhines v. Weber, 544 U.S. 269, 277-78 (2005)).  Under 28 U.S.C. § 2254(b)(2), a federal court may deny a petition containing unexhausted claims if those claims can be readily resolved against the petitioner on their merits.  See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).  See Rudolph v. Galetka, 208 F.3d 227, *1 (10th Cir. 2000)(noting that § 2254(b)(2) "allows federal district courts entertaining habeas petitions which contain unexhausted claims to address those claims if they can be decided on their merits against the petitioner").  Here, the Court determines Sweat's ineffective-assistance-of-counsel claims are without merit.  Accordingly, the Court denies Sweat's Petition Under 28 U.S.C § 2254 for a Writ of Habeas Corpus.

**IT THEREFORE IS ORDERED** that (i) the Petitioner's Objections, filed January 10, 2024 (Doc. 31), are overruled; (ii) the Petitioner's Additional Objections, filed January 23, 2024 (Doc. 32), are overruled; (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 21, 2023 (Doc. 26), is adopted; (iv) the Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1), is denied with prejudice; and (v) a Certificate of Appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Alree B. Sweat, III,
Las Cruces, New Mexico

    *Petitioner pro se*

Raúl Torrez
  Attorney General of the State of New Mexico
Jane Bernstein
  Assistant Attorney General of the State of New Mexico
Albuquerque, New Mexico

> *Attorneys for the Respondent*